United States District Court
Southern District of Texas
**ENTERED**
March 16, 2026
Nathan Ochsner, Clerk

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| RICO R. MCCOY, | § | CIVIL ACTION NUMBER |
| Plaintiff, | § | 4:25-cv-00135 |
| | § | |
| | § | |
| versus | § | JUDGE CHARLES ESKRIDGE |
| | § | |
| | § | |
| HARRIS COUNTY, *et al*, | § | |
| Defendants. | § | |

**ORDER ADOPTING
MEMORANDUM AND RECOMMENDATION**

Plaintiff Rico R. McCoy brought this action to pursue claims for various constitutional violations under 42 USC §1983 and *Monell v Department of Social Services*, 436 US 658 (1978). See Dkt 32 at ¶¶72–112 (amended complaint). He sues Defendants Harris County, Sheriff Ed Gonzalez, Deputy Christopher Bolin, and Deputy Shane Wyrick. See id at 1. He also brought, but later nonsuited, additional claims against other Defendants. See Dkts 41 (motion to nonsuit) & 45 (order dismissing claims). The matter was referred for disposition to Magistrate Judge Richard Bennett. Dkt 8.

All Defendants moved to dismiss. See Dkts 35 (Bolin), 38 (Gonzalez and Harris County), & 39 (Wyrick). Judge Bennett entered a Memorandum and Recommendation in which he recommends that the motions to dismiss each be granted in part and denied in part. Dkt 56. He recommends that Plaintiff's claims for excessive force, First Amendment retaliation, and punitive damages against individual officers survive dismissal, but that his claims for unlawful search/seizure, equal protection, *Monell* liability, and any

claims against individuals in their official capacity be dismissed with prejudice. Id at 44–46.

The district court reviews *de novo* those conclusions of a magistrate judge to which a party has specifically objected. See FRCP 72(b)(3) & 28 USC § 636(b)(1)(C); see also *United States v Wilson*, 864 F2d 1219, 1221 (5th Cir 1989, *per curiam*). The district court may accept any other portions to which there's no objection if satisfied that no clear error appears on the face of the record. See *Guillory v PPG Industries Inc*, 434 F3d 303, 308 (5th Cir 2005), citing *Douglass v United Services Automobile Association*, 79 F3d 1415, 1430 (5th Cir 1996, *en banc*); see also FRCP 72(b) advisory committee note (1983).

Plaintiff and Deputy Bolin filed objections. Dkts 58 (Bolin) & 59 (Plaintiff). On *de novo* review and determination, the objections lack merit and will thus be overruled.

*As to Bolin's objections*, he first argues that the Magistrate Judge erroneously rejected his statute of limitations argument by not applying Texas law requiring due diligence in effectuating service within the limitations period. See Dkt 58 at 2. But the Magistrate Judge properly determined that Fifth Circuit precedent holds that the requirement of "due diligence" in service doesn't apply to §1983 actions. See Dkt 56 at 15, citing *Gonzalez v Wyatt*, 157 F3d 1016, 1022 n 1 (5th Cir 1998). Numerous Texas district courts have continued to follow *Gonzalez* even after the cited decision of *Wallace v Kato*, 549 US 384 (2007). See Dkt 56 at 14–15 (collecting cases). The objection lacks merit.

Bolin next argues that the Magistrate Judge erroneously analyzed use of force under *Graham v Connor*, 490 US 386, 393–96, as applied to claims tracing to the First Amendment. Dkt 58 at 6. But the Supreme Court has clarified that *Graham* "does not hold that all constitutional claims relating to physically abusive government conduct must arise under either the Fourth or Eighth Amendments." *United States v Lanier*, 520 US 259, 272 n 7 (1997). The Magistrate Judge thus correctly concluded that

2

First Amendment retaliatory force claims aren't precluded by the availability of excessive force claims. See Dkt 56 at 28.

*As to Plaintiff's objections*, he largely reargues matters presented to the Magistrate Judge regarding his *Monell* claims. See Dkt 59 at 3–8. The Magistrate Judge correctly dismissed such claims because Plaintiff failed to adequately plead a pattern or practice of unconstitutional activity of any kind. Further, Plaintiff provided an insufficient factual basis to support ratification of the conduct of the relevant officers. Dismissal of all such claims with prejudice was also proper because the relevant statute of limitations has lapsed.

The objections to the Memorandum and Recommendation of the Magistrate Judge are OVERRULED. Dkts 58 & 59.

No clear error otherwise appears upon review and consideration of the Memorandum and Recommendation, the record, and the applicable law.

The Memorandum and Recommendation of the Magistrate Judge is ADOPTED as the Memorandum and Order of this Court. Dkt 56.

The motions to dismiss are each GRANTED IN PART and DENIED IN PART as specified in the Memorandum and Recommendation. Id at 44–46; see Dkts 35, 38 & 39.

Plaintiff's claims against Bolin, Wyrick, and Gonzalez in their official capacities are DISMISSED WITH PREJUDICE.

Plaintiff's unlawful search/seizure claims against Bolin and Wyrick are DISMISSED WITH PREJUDICE.

Plaintiff's equal protection claims against Bolin, Wyrick, and Gonzalez are DISMISSED WITH PREJUDICE.

All of Plaintiff's claims against Defendant Harris County are DISMISSED WITH PREJUDICE.

SO ORDERED.

Signed on March 16, 2026, at Houston, Texas.

_____

Honorable Charles Eskridge
United States District Judge